**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LASHAWN JONES,

        Plaintiff,

v.

OCEAN COUNTY DCP&P, et al.,

        Defendants.

Civil Action No. 18-11528 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Lashawn Jones's ("Plaintiff") Motion for Temporary Restraining Order/Preliminary Injunction against Defendant Ocean County Division of Child Protection and Permanency ("DCP&P or "Division"),[1] and "[t]he Resource Parents[,] Mrs. CL and Mr. TL," who are non-parties. (ECF No. 7.) DCP&P did not reply. The Court has carefully considered Plaintiff's arguments, and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction.

**I.**    **Background**

On July 11, 2018, DCP&P and the Superior Court of New Jersey, Ocean County (collectively, "Defendants") removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §§ 1331, 1446. (Notice of Removal, ECF No. 1.) On September 24, 2018, Magistrate Judge Lois

---

[1] Defendants Superior Court of New Jersey, Ocean County; The Honorable Robert E. Brennan, J.S.C.; and The Honorable Stephen J. Bernstein, J.S.C. are also named defendants in the underlying action. Plaintiff, however, does not name them in the instant matter.

H. Goodman granted Plaintiff's Motion to Amend the Complaint (ECF No. 22), and on the same day Plaintiff's Amended Complaint was entered on the docket (ECF No. 23).

In the instant motion, Plaintiff appears to dispute a June 19, 2018 New Jersey Superior Court, Monmouth County order suspending his supervised visitation with his son, J.G. (Notice of Mot. for TRO/Prelim. Inj. ("Notice"), Ex. D, ECF No. 7-7.) Plaintiff contends that on that date, he appeared before New Jersey Superior Court Judge Stephen J. Bernstein for a guardianship hearing, and at that hearing, a Division case worker recommended Plaintiff's visitation with his son be terminated because it "create[ed] more harm than good." (*Id.*) Plaintiff argues the Court should grant the instant motion

> to stop Defendants from violating court orders, keeping [his] son away from [him] and [his] family, making up lies on [him] and his family[,] doing things well beyond law that cause harm to [Plaintiff and his family] . . . and irrep[ara]ble harm and injury to Plaintiff and Plaintiff will win on [the] merits.

(Argument at 2, ECF No. 7-2.)

Plaintiff attached to his submission entitled, "Argument,"[2] a printout relating to Federal Rule of Civil Procedure 65. (*Id.* at 3.) Plaintiff also submitted a May 15, 2018 New Jersey Superior Court, Monmouth County order dated May 15, 2018 ("May 15th Order"). (Ex. A, ECF No. 7-4.) In the May 15th Order, Judge Bernstein ordered Plaintiff's "court ordered visitation shall continue as ordered unless the Division provides the Court with an expert report as to whether or not visitation with the father is creating more harm than good for the child and shall provide this to the court and all counsel no later than [May 29, 2018]." (*Id.* at 3.) Further, Plaintiff submitted the

---

[2] Plaintiff supports his motion with the following submissions, which the Court reads collectively as a single moving brief: (1) a notice, which included a statement of facts, (ECF No. 7); (2) a document entitled, "Letter in Support," (ECF No. 7-1); (3) a document entitled, "Argument," (ECF No. 7-2), and (4) a document entitled, "Letter" (ECF No. 3).

2

New Jersey Superior Court, Monmouth County, Guardianship Multipurpose Order dated June 19, 2018 that, among other things, suspended Plaintiff's visitation with his son. (Ex. D.)

## II. Discussion

"The Supreme Court [has] held that [a] temporary restraining order should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). The Third Circuit has further instructed that a party seeking a temporary restraining order must meet all four factors, because "[a] [movant's] failure to establish any element in its favor renders [this remedy] inappropriate." *Id.*

The Court finds Plaintiff failed to demonstrate any of the requirements for granting a temporary restraining order or preliminary injunction. Specifically, Plaintiff failed to demonstrate a likelihood of success on the merits and that denial will result in irreparable harm. Preliminarily, the Court notes Plaintiff neglected to address his likelihood of success on the merits, and failed to request specific preliminary injunctive relief.[3] To the extent the Court is able to discern Plaintiff's arguments, Plaintiff's exhibits fail to demonstrate his visitation rights were unlawfully suspended or DCP&P violated court orders. The record, in fact, lacks any evidence referencing why

---

[3] Plaintiff also failed to address the third and fourth preliminary injunction factors.

3

Plaintiff's visitation rights were suspended, or Judge Bernstein's reasoning for doing so. Thus, the record before the Court is insufficient to review whether Plaintiff's constitutional rights have been violated. The Court, accordingly, finds Plaintiff's failure to address the likelihood of success on the merits requires that the Court deny Plaintiff preliminary injunctive relief.[4]

Moreover, Plaintiff failed to demonstrate he will suffer irreparable harm. Plaintiff's only arguments in support of that factor is that his other children have never met J.G.; DCP&P has "[a]ffected [him] and [his] child['s] mother"; and DCP&P's involvement in his life has caused his family and friends to "back out because of the amount of stress [it] caused . . . ." (Letter in Support 2-4, ECF No. 7-1.) Although the Court acknowledges Plaintiff's *pro se* status, those conclusory statements alone are insufficient to award Plaintiff the "extraordinary remedy" he seeks. The Court, accordingly, finds Plaintiff failed to carry his burden in demonstrating he is entitled to a temporary restraining order or preliminary injunction.

## III. Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction. (ECF No. 7.) The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The Court questions its ability to grant Plaintiff the ultimate relief he seeks. *See, e.g., Ernst v. Children & Youth Servs. Of Chester Cty.*, 108 F.3d 486, 491-92 (3d Cir. 1997) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923)). The Court, however, need not reach that issue here as it finds Plaintiff failed to provide an adequate record for the Court to review the instant motion.

4