**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LASHAWN JONES,

          Plaintiff,

v.

OCEAN COUNTY DCP&P,

          Defendants.

Civil Action No. 18-11528 (MAS) (LHG)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the New Jersey Division of Child Protection & Permanency-Ocean County ("DCPP" or "Division"), Honorable Robert E. Brenner, J.S.C. ("Judge Brenner")[1], Honorable Stephen J. Bernstien, J.S.C. ("Judge Bernstien"), and the Superior Court of New Jersey, Ocean County's ("Superior Court") ("collectively Defendants") joint Motion to Dismiss (Mot., ECF No. 48) Plaintiff Lashawn Jones's ("Plaintiff") Amended Complaint (Am. Compl., ECF No. 23). Also before the Court are Plaintiff's various motions in support of his case. (*See* ECF Nos. 46, 50, 61, 64, 65.) For the reasons stated below, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's motions.

**I.    BACKGROUND**

    On July 11, 2018, DCPP and the Superior Court of New Jersey, Ocean County, removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §§ 1331, 1446. (Notice of Removal, ECF

---

[1] The parties differ in their spelling of this Defendant's name. Because Plaintiff attaches an exhibit from the Judge which shows Defendant's name as Robert E. Brenner, J.S.C. (*see* Am. Compl., Ex. B, ECF No. 23), the Court will use this spelling.

No. 1.) Plaintiff filed an Amended Complaint on or about September 24, 2018 (ECF No. 23), which the Court determined to be the operative pleading.[2] (*See* Text Order, Sept. 26, 2018, ECF No. 25.)

The allegations raised by Plaintiff in the Amended Complaint are accepted as true for purposes of this Opinion. In his Amended Complaint, Plaintiff raises claims against DCPP, Judge Brenner and Judge Bernstien. (Am. Compl. 1.) Plaintiff states that J.G. was born in May of 2016 and removed from his mother's home. (*Id.* at 2.) A paternity test was conducted on December 7, 2016, which revealed that Plaintiff was the father of J.G. (*Id.*) Since that time, Plaintiff has sought to have J.G. placed with his family. (*Id.*) Plaintiff's sister was ruled out as a potential caregiver because of a 1987 charge. (*Id.*) Theia Roach was ruled out as a caregiver by the Division. (*Id.*) That decision was ultimately remanded back to the Division by the Administrative Review Office, for lack of credible evidence. (*Id.* at 2-3.) Theia Roach was again deemed ineligible by the Division for the same reason. (*Id.* at 3.)

In August of 2017, Judge Brenner ordered Theia Roach and Jaromy Harris to have unsupervised visits with J.G. (*Id.*) Those visits have not taken place. (*Id.*) On April 13, 2017, the Division was ordered to allow visitation between Plaintiff and J.G. every other week. (*Id.*) Those visits ceased on May 16, 2017. (*Id.*) Plaintiff then requested visitation once a week. (*Id.*) Judge Brenner denied the request and continued to allow visits every other week. (*Id.*) The court's order, however, mistakenly stated that visits would be allowed only once a month. (*Id.*) This mistake continued until June 19, 2018. (*Id.*)

---

[2] In various filings, Plaintiff appears to name additional defendants in this action. Because the Amended Complaint in docket entry number 23 is the operative pleading, only the defendants named in the Amended Complaint are considered Defendants in this action.

2

Plaintiff alleges various violations of his constitutional rights and seeks damages, in addition to injunctive relief.[3] (*Id.* at 3-6.) In response, Defendants filed the instant Motion to Dismiss. (Mot.) Plaintiff has since filed two motions for summary judgment (ECF Nos. 50, 64), in addition to various other motions.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule[4] 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On a facial attack, the Court considers only the allegations of the complaint and documents referenced therein, construing them in the light most favorable to the plaintiff. *Pearson v. Chugach Gvt. Svcs. Inc.*, 669 F. Supp. 2d 467, 469-70 (D. Del. 2009). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

---

[3] While Plaintiff only references damages in his request for relief, the Amended Complaint as a whole can be read to seek injunctive relief against Defendants. Defendants also aver that Plaintiff seeks injunctive relief: "[Plaintiff] would require this court to overturn the state court orders." (Defs.' Br. 4.) The Court will, therefore, construe the Amended Complaint to seek injunctive relief, in addition to damages.

[4] All references to rules herein refer to Federal Rules of Civil Procedure.

3

In resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, *pro se* pleadings are liberally construed. *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. ANALYSIS

Defendants seek to dismiss the Amended Complaint on grounds of immunity and for failure to state a claim upon which relief may be granted. (*See generally* Defs.' Br., ECF No. 48-5.)

#### A. Official Capacity Claims

Defendants contend that they are immune from liability under federal law. It is well established that "[s]tate officers sued for damages in their official capacity are not 'persons'" under Section 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see also Will v. Mich. Dep't of State Police*,

4

491 U.S. 58, 71 (1989). Plaintiff's Section 1983 claims for damages against the Defendants in their official capacities are dismissed with prejudice.

B.  Superior Court

Defendants construe Plaintiff to raise claims against the Superior Court. In Plaintiff's Amended Complaint, however, he does not appear to allege claims against the Superior Court. To the extent Plaintiff seeks to raise claims against the Superior Court, those claims must be dismissed with prejudice because "[t]he New Jersey Superior Court is not a 'person' capable of being sued under § 1983." *See Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 70-71).

C.  The Rooker Feldman Doctrine

As an initial matter, insofar as Plaintiff seeks review of visitation and custody matters already decided by the state court, this Court lacks subject matter jurisdiction over these matters pursuant to *Rooker-Feldman*.[5] *See Gass v. DYFS Workers*, 371 F. App'x 315, 315-16 (3d Cir. 2010) (affirming district court dismissal under *Rooker-Feldman* of claims against state court judge, and New Jersey Division of Youth and Family Services, challenging state court orders regarding custody of two minors).

D.  Claims against DCPP

DCPP contends it is immune from suit under the Eleventh Amendment. The Court agrees. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[5] Under the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177 (3d Cir. 1992) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)).

5

United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment affords states and state agencies immunity from suits brought by citizens in federal court, regardless of whether legal or equitable relief is sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 100-01. Eleventh Amendment immunity from suit also extends to agencies, departments, and officials of the state when the state is the real party in interest. *Alabama v. Pugh*, 438 U.S. 781, 781 (1978); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d. Cir. 2002).

Courts in this district have consistently held that DCPP is an arm of the state and entitled to sovereign immunity. *See Howard v. N.J. Div. of Youth & Family Servs.*, 398 F. App'x 807, 811-12 (3d Cir. 2010); *Chitester v. Dep't of Child Prot. Permanency*, No. 17-12650, 2018 WL 6600099, at *3-5 (D.N.J. Dec. 17, 2018) ("it is clear that the DCPP is an arm of the state entitled to sovereign immunity."); *Holder v. DCF*, No. 12-74, 2016 WL 590210, at *2 (D.N.J. Feb. 11, 2016) ("DCPP, as an agency of the state, is entitled to Eleventh Amendment Immunity."). Further, none of the narrow exceptions to Eleventh Amendment immunity are applicable here. *See Zimmer v. N.J. Div. of Child Prot. & Permanency*, No. 15-2524, 2016 WL 234844, at *5-7 (D.N.J. Jan. 20, 2016) (finding all claims against DCPP for monetary and injunctive relief barred by Eleventh Amendment immunity), *aff'd*, 741 F. App'x 875 (3d Cir. 2018). For these reasons, the Motion to Dismiss is granted as to DCPP; all claims against DCPP are dismissed with prejudice.

E.     Judge Brenner and Judge Bernstien

The Court first notes that Plaintiff makes no allegations in his Amended Complaint against Judge Bernstien. Thus, all claims as to Judge Bernstien must be dismissed without prejudice for failure to state a claim for relief.

Judge Brenner contends that he is entitled to judicial immunity. The Court agrees. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). The Supreme Court has identified two exceptions to this rule. "First, a judge is not immune from liability for non-judicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

All of the allegations against Judge Brenner in the Amended Complaint relate to actions taken in his capacity as a judge in the New Jersey Chancery Division-Family Part. Plaintiff asserts that Judge Brenner failed to take action when the court ordered visitation did not occur, failed to fix defects in the court order, and failed to follow New Jersey Superior Court guidelines. (Am. Compl. 4-5.) These allegations refer exclusively to judicial acts. While Plaintiff attaches two orders of Judge Brenner which purport to show Judge Brenner's unconstitutional actions (Am. Compl., Exs. B, C), in fact, these documents are purely judicial in nature. The exhibits are copies of family court orders, signed by Judge Brenner, touching on custody matters for J.G. (*See id.*) Because Plaintiff has not relayed any facts that demonstrate Judge Brenner performed non-judicial acts with respect to Plaintiff, nor that Judge Brenner performed actions in the clear absence of jurisdiction, the Court finds that Judge Brenner is entitled to judicial immunity.

Moreover, the 1996 amendments to § 1983 explicitly bar granting injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity" 42 U.S.C. § 1983; *see also Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("the 1996 amendment to § 1983 bar [plaintiff's] claims for injunctive relief against the state court judges."). The Court, therefore, will grant the Motion to Dismiss as to Judge Brenner.

F. <u>State Law Claims</u>

Plaintiff appears to raise additional state law claims in his Amended Complaint. Because all federal claims have been dismissed, this Court declines to exercise subject matter jurisdiction over any remaining state law claims. *See City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist.")

G. <u>Additional Motions</u>

Plaintiff has filed various motions in support of his case. In his Motion to Compel (ECF No. 46), Plaintiff asks this Court for an order recusing various defendants from Plaintiff's state law case. In Plaintiff's Motion for Summary Judgment (ECF No. 50), Plaintiff "request[s] all Defendants to pay the Plaintiff $500,000 . . ." (*Id.* at 1.) In Plaintiff's Motion for Speedy Trial/Motion for Summary Judgment (ECF No. 64), Plaintiff requests discovery from Defendants, and asks this Court to rule on his various motions. In Plaintiff's Motion to Appeal the Magistrate Judge Decision (ECF No. 61), he seeks review of the denial of his *pro bono* application. Finally, in Plaintiff's Motion for Reconsideration, he requests a speedy trial, damages, and seeks review of the denial of his Motion for Temporary Restraining Order/Preliminary Injunction. (ECF No. 65.)

Because Plaintiff's Amended Complaint has been dismissed in its entirety, these motions are also dismissed as Plaintiff fails to demonstrate that he is entitled to the relief requested.

## IV. CONCLUSION

For the foregoing reasons, Defendants' joint Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**. Plaintiff's claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against DCPP and the Superior Court are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Judge Brenner and Judge Bernstien are **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES** Plaintiff's additional motions. (ECF Nos. 46, 50, 61, 64, 65.) The Court grants Plaintiff thirty days to amend his complaint consistent with this Opinion. An appropriate order follows.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: April 9, 2019